# UNITED STATES DISTRCT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

```
***********************************************
JANE E. TAYLOR ,                                *
                                                *
Trustee and Beneficiary of the Jane E. Taylor   *
GST Exempt Trust and the Jane E. Taylor         *
Non-Exempt Trust, derivatively on behalf of     *
Coolidge Properties, LLC and Stearnwood         *
Properties, LLC,                                *
                                                *
    PLAINTIFF                                   *
                                                *
    V.                                          *
                                                *
JAMES M. MOSKOW,                                *
                                                *
JMB GROUP, LLC,  and                            *
                                                *
BLACK OAK REALTY, LLC,                          *
                                                *
    DEFENDANTS                                  *
                                                *
***********************************************
```

## VERIFIED DERIVATIVE COMPLAINT

The Plaintiff submits this Verified Complaint against the Defendants named herein derivatively on behalf of Coolidge Properties, LLC and Stearnwood Properties, LLC .

## NATURE OF THE ACTION

1. The Plaintiff, at all times relevant to this action, was a Trustee and Beneficiary of the Jane E. Taylor GST Exempt Trust and the Jane E. Taylor Non-Exempt Trust (hereinafter "Taylor's Trusts"). The Plaintiff brings this derivative action, in this capacity, on behalf of Coolidge Properties, LLC and Stearnwood Properties, LLC (hereinafter "The Subject Limited Liability Companies"), of which Taylor's Trusts were members, seeking to

1

remedy fraud, misrepresentation, unjust enrichment and breach of fiduciary duty committed by the manager of The Subject Limited Liability Companies, and Trustee of member trusts, that have suffered the harm from his actions.

2. Plaintiff also advances the claims, as set forth infra, against JMB Group, LLC, and Black Oak Realty, LLC, which were at all relevant times managed by the Defendant James M. Moskow, and of which Moskow was a member, and which acted as conduits for Defendant Moskow's scheme, and received large sums of fraudulently obtained money from The Subject Limited Liability Companies. An itemized list of transactions that are the subject of this action is set forth as Exhibit A to this complaint. The transactions included in Exhibit A ($604,744.00) are not intended to represent a complete or exclusive list of transactions, but contains all of those transactions of which the Plaintiff is aware as of the filing of this Complaint.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over all claims asserted herein pursuant to 28 U.S.C. §1332(a)(2) because complete diversity exists between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.
4. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.
5. Venue is proper in this Judicial District because the Defendants maintain executive offices in this Judicial District, and a substantial portion of the acts and transactions constituting the violations of law alleged in this Complaint occurred in this Judicial District. Moreover, the Defendants have received substantial compensation in this Judicial District by doing business here and engaging in numerous business and financial activities that had an effect in this Judicial District.

## PARTIES

6. Jane E. Taylor, who brings this action derivatively on behalf of The Subject Limited Liability Companies, is an individual residing at 60 Edgewater Drive, Unit 3E, Coral Gables, FL 33133.
7. James M. Moskow is an individual who, upon information and belief, resides in California.
8. JMB Group, LLC is a business organized under the laws of the Commonwealth of Massachusetts with a principal business address listed at the Secretary of the Commonwealth's website of 480 Adams Street, Milton, MA 02186.
9. Black Oak Realty, LLC is a business organized under the laws of the Commonwealth of Massachusetts with a principal business address listed at the Secretary of the Commonwealth's website of 48 John F. Kennedy Street, P.O. Box 380188, Cambridge, MA 02138.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

10. At all relevant times Jane E. Taylor was a trustee and beneficiary of the Jane E. Taylor GST Exempt Trust established 02/1/99 pursuant to and under the Sewall Trust dated 09/03/1992, and the Jane E. Taylor Non-Exempt Trust established 2/1/99 pursuant to and under the Sewall Trust dated 09/3/92, (hereinafter collectively referred to as "Taylor's Trusts").
11. Taylor's Trusts were members of Coolidge Properties, LLC and Stearnwood Properties, LLC (hereinafter "Coolidge Properties", "Stearnwood Properties" or, collectively, "The Subject Limited Liability Companies") organized under the laws of the Commonwealth of Massachusetts.
12. The only other trusts that comprised the LLCs were for the benefit of the Jane Taylor's brother and sister, Defendant James M. Moskow and Barbara R. Moskow respectively.

13. Bencion M. Moskow (Settlor), the Defendant James M. Moskow, Barbara R. Moskow and Jane E. Taylor were trustees of the trust-members of the Coolidge Properties and Stearnwood Properties. The Trusts also included two other co-trustees, Leslie C. Gosule and Louis Rudolph, both of whom are further referred to in the <u>Derivative and Demand-Excused</u> allegations infra.

14. Bencion M. Moskow and Barbara R. Moskow are now deceased. Attorney Robert W. Levy represents the estate of Barbara R. Moskow (Middlesex County, Massachusetts Probate Court No.MI12P1163EA). Attorney Levy is further referred to in the <u>Derivative and Demand-Excused</u> allegations infra.

15. The real estate properties which comprised the corpus of Coolidge Properties and Stearnwood Properties have been sold.

16. The Defendant James M. Moskow was at all times relevant to this action manager/member of Coolidge Properties.

17. Coolidge Properties managed and controlled the real estate at 9 Sewall Avenue, Brookline, Massachusetts, containing 64 apartments.

18. As a trustee, and as the manager of Coolidge Properties, James M. Moskow owed a fiduciary duty to all of the members of Coolidge Properties.

19. James M. Moskow had a duty to manage all properties held by Coolidge Properties in the most efficient manner reasonably possible and to the ultimate economic benefit of the members of Coolidge Properties.

20. Stearnwood Properties held the properties at 27 Longwood Avenue, 29 Longwood Avenue, 31 Longwood Avenue and 12-14 Stearns Road, Brookline, Massachusetts, containing 19 apartments.

21. The Defendant James M. Moskow, at all times relevant to this action, was manager/member of Stearnwood Properties.

22. James M. Moskow as manager/member of Stearnwood Properties and as a trustee of the member trusts had a fiduciary duty to the members of Stearnwood Properties to manage the property in the most efficient manner reasonably possible and to the ultimate economic benefit of the members of Stearnwood Properties.

23. At all relevant times Taylor's Trusts were members of the Stearnwood Properties and Coolidge Properties. Jane E. Taylor was a trustee and beneficiary of said trusts.

24. At all relevant times The Jay I. Moskow Irrevocable Real Estate Trust was a member of Stearnwood Properties. Jane E. Taylor was a beneficiary of said trust.

25. At all relevant times James M. Moskow was the manager/member of Black Oak Realty, LLC. Black Oak Realty, LLC, and received commissions for the renting of apartments at 9 Sewall Avenue, Brookline and/or apartment rentals at 27 Longwood Avenue, 29 Longwood Avenue, 31 Longwood Avenue and 12-14 Stearns Road, Brookline, Massachusetts.

26. James M. Moskow at all times relevant to this action was the manager/member of JMB Group, LLC. JMB Group, LLC received management fees for the management of properties held by Coolidge Properties and Stearnwood Properties.

27. As manager/member of JMB Group, LLC, James M. Moskow submitted fraudulent, unlawful, undisclosed, and inflated billing invoices to Coolidge Properties and Stearnwood Properties to the detriment of members of The Subject Limited Liability Companies, by and through JMB Group, LLC, and Black Oak Realty, LLC .

28. James M. Moskow did not disclose his financial self-dealing to the members of Coolidge Properties or Stearnwood Properties.

29. James M. Moskow willfully misled members of The Subject Limited Liability Companies and willfully failed to disclose to those members information regarding his financial malfeasance and self-dealing.

30. James M. Moskow was aware that the sale or conversion of another's property without right or consent is unlawful and a breach of his fiduciary duty.

31. The acts and omissions of James M. Moskow were willful and intentional. All allegations of this Complaint incorporate Exhibit A to the Complaint.

## DUTIES OF THE DEFENDANT, JAMES M. MOSKOW

32. By reason of his position as a manager, as well as trustee, and because of his ability to control the properties and affairs of The Subject Limited Liability Companies, James M. Moskow owed to these LLCs, and their members, the fiduciary obligations of good faith, trust, loyalty, and due care, and was required to use his utmost ability to control and manage the LLCs in a fair, just, honest and equitable manner.

33. The Defendant, James M. Moskow was required to act in furtherance of the best interests of The Subject Limited Liability Companies and their members and not in furtherance of his personal interests or benefit.
34. As set forth herein, James M. Moskow knowingly disregarded his above-listed duties causing The Subject Limited Liability Companies, and members thereof, to suffer damages.

### DERIVATIVE AND DEMAND-EXCUSED ALLEGATIONS

35. The Plaintiff brings this action derivatively on behalf of The Subject Limited Liability Companies, in the right and for the benefit of The Subject Limited Liability Companies.
36. Taylor's Trusts were members of Coolidge Properties and Stearnwood Properties, managed and controlled by the Defendant, James M. Moskow.
37. Plaintiff will adequately and fairly represent the interests of the LLCs in enforcing and prosecuting their rights.
38. As a result of the facts set forth herein, Plaintiff has not made a demand to James M. Moskow to obtain the desired action, as such a demand would be futile since James M. Moskow's interests are directly adverse to the relief sought.
39. On September 5, 2014, the Plaintiff served a written notice and demand upon Robert W. Levy, the attorney for the estate of Barbara R, Moskow, Leslie Gosule, co-trustee of The Subject Limited Liability Companies' member-trusts, and Louis Rudolph, also co-trustee of The Subject Limited Liability Companies' member-trusts.
40. The written notices and demands provided detailed information regarding the Plaintiff's allegations against the Defendants, including itemized statements of the alleged fraudulent and unlawful transactions and detailed descriptions of the Plaintiff's proposed actions, as well as copies of the member trusts and the LLC operating documents.
41. By letter dated September 16, 2014, Robert W. Levy, informed the Plaintiff that, on behalf of the estate of Barbara M. Moskow, he voted "no" with regard to participating in demanding relief or participating in any action against the Defendants.

42. By letter dated September 16, 2014, Leslie Gosule informed the Plaintiff that as co-trustee he voted "no" with regard to participating in demanding relief or participating in any action against the Defendants.

43. Louis Rudolph, also a co-trustee of The Subject Limited Liability Companies' member-trusts, through his attorney James L. Rudolph, by letter dated September 29, 2014, declined to vote alleging that there has not been sufficient information provided. Subsequently, on November 9, 2014, Louis Rudolph resigned his position as Trustee of the member trusts. Said resignations were forwarded via letter dated December 1, 2014, having never voted one way or the other.

44. There are no other disinterested parties, trustees, or beneficiaries who are in a position to remedy the alleged violations. As set forth above the Plaintiff has failed to obtain a majority of voting interests necessary with regard to demanding relief or remedy by vote, or to join in or participate in any action against the Defendants.

## COUNT I – FRAUD (AGAINST ALL DEFENDANTS)

45. The Plaintiff incorporates by reference and re-alleges paragraphs 1-44 as if fully set forth herein.

46. James M. Moskow, Black Oak Realty, LLC and JMB Group, LLC acted in an effort to commit fraud against, and unlawfully obtain money from, The Subject Limited Liability Companies.

47. The Defendants' actions, consisting of financial self-dealing, submission of inflated billing statements, and receipt of inflated management fees for the management of properties held by of The Subject Limited Liability Companies, constitute fraud.

48. James M. Moskow, Black Oak Realty, LLC and JMB Group, LLC did in fact commit fraud by engaging in systematic, undisclosed, self-dealing and setting up a fraudulent scheme for funneling funds out of the The Subject Limited Liability Companies for their own benefit.

49. As the direct result of the Defendants' fraudulent conduct, of The Subject Limited

Liability Companies suffered financial loss and consequential damages.

50. As the direct result of the Defendants' fraudulent conduct, the members of The Subject Limited Liability Companies' suffered damages.

## **COUNT II – MISREPRESENTATION (AGAINST ALL DEFENDANTS)**

51. The Plaintiff incorporates by reference and re-alleges paragraphs 1-50 as if fully set forth herein.

52. James M. Moskow, Black Oak Realty, LLC and JMB Group, LLC made material and intentional misrepresentations of fact, and failed to disclose facts, to the members of The Subject Limited Liability Companies', whereby James M. Moskow received undeserved, inflated commissions and undeserved inflated management fees for the management of properties held by The Subject Limited Liability Companies.

53. James M. Moskow, Black Oak Realty, LLC and JMB Group, LLC made material and intentional misrepresentations of fact whereby James M. Moskow submitted inflated billing invoices to The Subject Limited Liability Companies.

54. James M. Moskow, Black Oak Realty, LLC, and JMB Group, LLC knew that the representations with regard to the actual costs and expenses of running The Subject Limited Liability Companies were false, unapproved, undisclosed, undeserved, and unlawful.

55. James M. Moskow, Black Oak Realty, LLC, and JMB Group, LLC intended that The Subject Limited Liability Companies would rely on the false representations of fact, and in furtherance of this scheme, did not disclose the truth.

56. The Subject Limited Liability Companies and members thereof did in fact rely on the

Defendants' misrepresentations.

57. As the direct result of Defendants' intentional misrepresentations and omissions, The Subject Limited Liability Companies suffered financial loss and consequential damages.

## COUNT III – BREACH OF FIDUCIARY DUTY (AGAINST JAMES M. MOSKOW)

58. The Plaintiff incorporates by reference and re-alleges paragraphs 1-57 as if fully set forth herein.
59. James M. Moskow was a manager of The Subject Limited Liability Companies and Trustee of member-trusts, and at all times relevant to this action, managed and controlled The Subject Limited Liability Companies.
60. As a trustee of the member trusts and as manager of The Subject Limited Liability Companies and member trusts, James M. Moskow owed a fiduciary duty to The Subject Limited Liability Companies and the member-trusts to act at all times with the utmost care, honesty, undivided loyalty and fidelity in all his business dealings.
61. James M. Moskow breached his fiduciary duty by engaging in the acts of malfeasance described herein, including but not limited to those acts of undisclosed self-dealing that were designed to deprive The Subject Limited Liability Companies and members thereof of their ownership rights.
62. As a direct and proximate result of James M. Moskow's actions and breach of fiduciary duty, The Subject Limited Liability Companies and members thereof have suffered significant financial and consequential damages, as alleged herein.

## COUNT IV – UNJUST ENRICHMENT (AGAINST ALL DEFENDANTS)

63. The Plaintiff incorporates by reference and re-alleges paragraphs 1-62 as if fully set forth herein.
64. The Defendants submitted inflated and unlawful billing statements, received inflated, undisclosed, and unlawful management fees, and transferred funds to JMB Group, LLC and Black Oak Realty, LLC fraudulently and unjustly, in flagrant disregard of James. M. Moskow's duties as a fiduciary.
65. As a result of these fraudulent and unlawful transfers, James M. Moskow, Black Oak Realty, LLC and JMB Group, LLC have been unjustly enriched by retaining these funds.
66. Defendants' retention of the funds derived from defrauding The Subject Limited Liability Companies is inequitable and constitutes unjust enrichment.
67. As a direct and proximate result of James M. Moskow's unjust enrichment, The Subject Limited Liability Companies and members thereof suffered financial and consequential loss, as alleged herein.
68. The Subject Limited Liability Companies are entitled to damages as a result of the Defendants' unjust enrichment, including the disgorgement of all monies unlawfully transferred by the Defendants from The Subject Limited Liability Companies as well as the imposition of a constructive trust.
69. As the direct result of the Defendants' unjust enrichment, the Plaintiff has suffered financial loss and consequential damages.

WHEREFORE, Plaintiff demands judgment as follows:

A. Against all of the individual Defendants and in favor of The Subject Limited Liability Companies for the amount of damages sustained by The Subject Limited Liability Companies as a result of the Defendant's actions;
B. Imposing a constructive trust and ordering disgorgement of monies illegally funneled out of The Subject Limited Liability Companies;

C. Granting appropriate equitable relief to remedy Defendant's breaches of fiduciary duties;

D. Awarding the Plaintiff the costs and disbursements of the action, including reasonable attorneys' fees, accounts' and experts' fees, costs, and expenses; and

E. Granting such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMANDED
Plaintiff demands a trial by jury.

Respectfully submitted
By Plaintiff's Attorneys

Paul R. Chomko, Esquire
BBO No. 637716
ALFORD & BERTRAND, LLC
60 Arsenal Street
Post Office Box 322
Watertown, MA 02471-0322
Telephone: (617) 926-8800
Facsimile: (617) 924-7780
Email: paul@alfordbertrand.com

Dated: 12/4/14

### VERIFICATION

I, Jane E. Taylor, hereby depose and state as follows:

1. I am the Plaintiff, derivatively, in this action.

2. I hereby verify that I have reviewed the Complaint and authorized its filing and that the foregoing is true and correct to the best of my knowledge, information and belief.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 4th DAY OF December 2014.

JANE E. TAYLOR

# EXHIBIT A

**Payments made to JMB Group, LLC by Stearnwood Properties, LLC**

The following is a list of payments made by Stearnwood Properties to JMB Group, purportedly for management fees, as referred to in the Complaint:

| Month | Amount |
|---|---|
| January, 2009 | $4200 |
| February, 2009 | $2900 |
| March, 2009 | $1800 |
| April, 2009 | $2000 |
| May, 2009 | $1900 |
| June, 2009 | $13,325 |
| July, 2009 | $1950 |
| August, 2009 | $1800 |
| September, 2009 | $2400 |
| October, 2009 | $2200 |
| November, 2009 | $2000 |
| December, 2009 | 13,600 |
| January, 2010 | $1900 |
| February, 2010 | $1750 |
| March, 2010 | $2150 |
| April, 2010 | $2050 |
| May, 2010 | $2100 |
| June, 2010 | $13,800 |
| July, 2010 | $2200 |
| August, 2010 | $2200 |
| September, 2010 | $3000 |
| October, 2010 | $2050 |
| November, 2010 | $2150 |
| December, 2010 | $12800 |
| January, 2011 | $2200 |
| February, 2011 | $2300 |
| March, 2011 | $2450 |
| April, 2011 | $2300 |
| May, 2011 | $2900 |
| June, 2011 | $800 |
| July, 2011 | $2900 |
| August, 2011 | $2300 |
| October, 2011 | $2400 |
| November, 2011 | $2400 |
| December, 2011 | $12,900 |

Total $134,075.00

### Payments made to Black Oak Realty, LLC by Stearnwood Properties, LLC

The following is a list of payments made by Stearnwood Properties, LLC, to Black Oak Realty, LLC, purportedly for broker fees, as referred to in the Complaint:

| | | |
|---|---|---|
| June, 2011 | $2817 | |
| July, 2011 | $1025 | Total $3,842.00 |

### Payments made to Black Oak Realty, LLC by Coolidge Properties, LLC

The following is a list of payments made by Coolidge Properties, LLC, to Black Oak Realty, LLC, purportedly for broker fees, as referred to in the Complaint:

July, 2011          $3152          Total $3152.00

### Payments made to JMB Group, LLC by Coolidge Properties, LLC

The following is a list of payments made by Coolidge Properties to JMB Group, purportedly for management fees, as referred to in the Complaint:

| | |
|---|---|
| January, 2009 | $17,000 |
| February, 2009 | $5,400 |
| March, 2009 | $19,000 |
| April, 2009 | $12,900 |
| May, 2009 | $14,300 |
| June, 2009 | $13,000 |
| July, 2009 | $14,300 |
| August, 2009 | $12,500 |
| September, 2009 | $15,200 |
| November, 2009 | $12,700 |
| December, 2009 | $13,000 |
| January, 2010 | $14,400 |
| February, 2010 | $13,000 |
| March, 2010 | $13,500 |
| April, 2010 | $14,900 |
| May, 2010 | $13,400 |
| June, 2010 | $13,100 |
| July, 2010 | $15,425 |
| August, 2010 | $12,950 |

| | | |
|---|---|---|
| September, 2010 | $14,700 | |
| October, 2010 | $14,500 | |
| November, 2010 | $13,700 | |
| December, 2010 | $15,000 | |
| January, 2011 | $13,500 | |
| February, 2011 | $14,300 | |
| March, 2011 | $17,700 | |
| April, 2011 | $15,200 | |
| May, 2011 | $13,500 | |
| June, 2011 | $14,700 | |
| July, 2011 | $16,000 | |
| August, 2011 | $13,500 | |
| September, 2011 | $13,100 | |
| October, 2011 | $11,500 | |
| November, 2011 | $2,800 | Total $463,675.00 |

**Total of all Known Payments to JMB Group and Black Oak Realty as Set Forth Above**

**$604,744.00**